UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REBECCA TRUCK PLAZA &                                    CIVIL ACTION
CASINO, L.L.C.

VERSUS                                                        NO. 23-3709

LANDMARK AMERICAN                                   SECTION "R" (2)
INSURANCE COMPANY

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand.[1]  Defendant opposes

the motion.[2]  For the following reasons, the Court grants the motion to

remand.


## I.    BACKGROUND

Plaintiff Rebecca Truck Plaza & Casino, L.L.C. ("Rebecca Truck") filed

this action in Louisiana state court on July 13, 2023, against defendant

Landmark American Insurance Company ("Landmark").[3]  Rebecca Truck

alleges that certain property insured by Landmark, including a convenience

store and casino, was damaged by a lightning strike.[4]  After Rebecca Truck

---

[1]    R. Doc. 9.
[2]    R. Doc. 11.
[3]    R. Doc. 1-1.
[4]    *Id.* at 4.

reported the loss to Landmark, a field adjustor for Landmark inspected the property on August 11, 2021.[5]  Rebecca Truck contends that this inspection, together with prior documents it submitted to Landmark, amounted to a satisfactory proof of loss of $64,433.75.[6]  Seventy-five days later, Landmark tendered $59,433.75 to Rebecca Truck for the damages.[7]  Rebecca Truck then brought this action, alleging breach of contract and violation of the Louisiana Insurance Code, La. Stat. Ann. §§ 22:1973 and 22:1892, because Landmark failed to tender payment of $64,433.75 within sixty days of the field adjustor's inspection.[8]  In its state court petition, Rebecca Truck alleges that "[t]he amount in controversy in this case does not exceed the sum or value of $75,000.00 exclusive of interest and costs."[9]

Landmark removed the action on August 18, 2023, on the basis of diversity jurisdiction.[10]  Rebecca Truck now moves to remand.[11]  While it does not contest the parties' diversity of citizenship, Rebecca Truck contends that the amount in controversy at the time of removal did not exceed

---

[5]     *Id.* ¶ 11.
[6]     *Id.* ¶¶ 8-12, 14, 16.
[7]     *Id.* ¶¶ 13.
[8]     *Id.* ¶¶ 14-22.
[9]     *Id.* ¶ 24.
[10]    R. Doc. 1.
[11]    R. Doc. 9.

$75,000.[12]  Rebecca Truck states that the amount due for repairs under the insurance policy is not in controversy because Landmark had already tendered payment for the repairs before suit was filed, and thus the only amounts at issue in its petition are statutory penalties and attorneys' fees.[13] Additionally, Rebecca Truck submits an irrevocable stipulation of damages, acknowledging that it will not seek damages in excess of $75,000 and renouncing its right to accept a judgment in excess of that amount.[14]   In opposition, Landmark asserts that the post-removal stipulation cannot be retroactively considered because it is facially apparent from the petition that the amount in controversy exceeds $75,000.[15]

The Court considers the parties' arguments below.

## II.    LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and

---

[12]    R. Doc. 9-1.
[13]    *Id.* at 2, 4.
[14]    R. Doc. 9-3.
[15]    R. Doc. 11.

defendants.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts.").  Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

## III.  DISCUSSION

### A.    Landmark's Burden

Rebecca Truck included in its petition a statement limiting damages to less than $75,000.[16]  Louisiana Code of Civil Procedure article 893 states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."  La. Code Civ. Proc. Ann. art. 893(A)(1).  Statements in a petition that damages are less than $75,000 are not dispositive as to the amount in controversy.  *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1410 (5th Cir. 1995) (holding that a plaintiff's allegation that damages would not exceed the federal jurisdictional amount did not conclusively determine the amount in controversy); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009) (holding that an allegation under article 893 is not "irrevocably binding" and "may be disregarded if the defendant can show by a preponderance of the evidence that the claim is for more than the jurisdictional amount").  Rather, courts treat article 893 allegations as stating an indeterminate amount of damages.  *See, e.g.*, *Maze v. Protective*

---

[16]    R. Doc. 1-1 ¶ 24 ("The amount in controversy in this case does not exceed the sum or value of $75,000.00 exclusive of interest and costs.").

*Ins. Co.*, No. 16-15424, 2017 WL 164420, at *2 (E.D. La. Jan. 17, 2017) (treating general allegation in plaintiff's petition that damages were less than $75,000 as alleging an indeterminate amount of damages); *McCord v. ASI Lloyds/ASI Underwriters*, No. 13-126, 2013 WL 1196671, at *2 (E.D. La. Mar. 22, 2013) (same); *Mouton v. Meritplan Ins. Co.*, No. 10-1643, 2010 WL 2978495, at *2 & n. 15 (E.D. La. July 20, 2010) (same); *Hammel v. State Farm Fire & Cas. Co.*, Nos. 06-7470 & 06-9615, 2007 WL 519280, at *3 (E.D. La. Feb. 14, 2007) (same).

When a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)); *see also In re 1994 Exxon Chem. Fire*, 558 F.3d at 388 ("[A]n allegation made under Article 893(A)(1) may be disregarded if the defendant can show by a preponderance of the evidence that the claim is for more than the jurisdictional amount."). A defendant satisfies this burden either by showing (1) that it is facially apparent that the plaintiff's claims likely exceed the jurisdictional amount, or, alternatively, (2) by setting forth summary-judgment-type evidence of facts in dispute that support a finding that the

jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335; *Manguno*, 276 F.3d at 723 (citations omitted).  If it does so, the plaintiff must then show "to a legal certainty that the claim is really for less than the jurisdictional amount to justify [remand]." *De Aguilar*, 47 F.3d t 1412 (quoting *St. Paul Mercury*, 303 U.S. at 289 (internal quotation marks omitted)).

Landmark attaches to its removal notice the insurance policy at issue.[17] In support of its position that the amount-in-controversy requirement has been satisfied, it asserts that the schedule of limits under the policy exceeds the $75,000 threshold.[18]  In an action based on recovery under an insurance policy, the amount in controversy is determined by the lesser value of the claim or the value of the policy limit.  *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959).  Courts therefore may look to the policy limits to determine whether it is "apparent on the face of the [petition]" that the claims exceed the jurisdictional amount.  *Id.*  But here there is no indication that Rebecca Truck seeks to recover the full value of its policy. Accordingly, the value of the insurance policy does not determine the amount in controversy.  *See Tanet v. USAA Ins. Co.*, No. 09-6779, 2011 WL 39036, at *2 (E.D. La. Jan. 5, 2011) ("[T]he facially apparent requirement is not

---

[17]    R. Doc. 1-4.
[18]    R. Doc. 1 ¶ 26.

satisfied where plaintiff does not allege facts from which the amount in controversy can be reasonably inferred, such as by . . . seeking insurance policy limits."); *Mercier v. Allstate Ins. Co.*, No. 06-9861, 2007 WL 210786, at \*2 (E.D. La. Jan. 17, 2007) (holding that it was not facially apparent that the amount in controversy was greater than \$75,000 when plaintiff did not allege that her claim approached or exceeded the policy limits, and thus the policy amount was not determinative of the amount in controversy); *Mediamolle v. State Farm Ins. Co.*, No. 07-8648, 2008 WL 834378, at \*2 (E.D. La. Mar. 27, 2008) (same); *Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403, 2009 WL 790150, at \*3 (M.D. La. Mar. 25, 2009) (same); *Hammel*, 2007 WL 519280, at \*3 (same).

Landmark also argues that Rebecca Truck seeks penalties and attorneys' fees under Louisiana Revised Statute sections 22:1973 and 22:1892, which makes it facially apparent that the amount in controversy exceeds \$75,000.[19]   As an initial matter, Rebecca Truck may not recover penalties under both sections 22:1973 and 22:1892.   *See Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000) ("[Plaintiff] may not recover penalties under both statutes.").   Louisiana courts have repeatedly recognized that when section 22:1973 provides the greater penalty, that

---

[19]    *Id.* ¶ 35 & n.18; R. Doc. 11 at 2-3.

statute supersedes section 22:1892.  *See id.*; *Zydeco's II, L.L.C. v. Certain Underwriters at Lloyd's, London*, 356 So. 3d 345, 387-88 (La. App. 5 Cir. 2021).  Thus, only the greater of the penalties awarded under section 22:1973 or section 22:1892 may be included in the amount in controversy.  The Court must therefore determine whether it is facially apparent that Rebecca Truck's claims are likely to exceed $75,000 under either section 22:1973 *or* section 22:1892.

Section 22:1973 imposes a duty of good faith and fair dealing on an insurer to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both."  La. Stat. Ann. § 22:1973(A).  The statute subjects the insurer to liability for the damages sustained as a result of a breach of the duty imposed by section 22:1973(A).  An insurer breaches its duty of good faith and fair dealing if it fails to pay the amount due an insured within sixty days of receipt of satisfactory proof of loss, if such failure is arbitrary, capricious, or without probable cause.  *Id.* § 22:1973(B)(5).  In addition to damages for the breach of the implied duty, an insured is entitled to penalties not to exceed the greater of $5,000 or twice the damages sustained as a result of the breach.  *Id.* § 22:1973(C).  Landmark contends that this could result in up to $118,867.50 of penalties, or twice the

$59,433.75 in untimely paid property damage.[20]   This calculation is incorrect.   The Louisiana Supreme Court has held that penalties under section 22:1973 are "calculated by doubling the amount of damages attributable to the insurer's breach" of its duty of good faith and fair dealing, not the amount due under the insurance contract. *Durio v. Horace Mann Ins. Co.*, 74 So. 3d 1159, 1170-71 (La. 2011).  Thus, it is not the amount of the claim not timely paid, or $59,433.75, that is doubled to determine penalties; rather, the Court must calculate potential damages under section 22:1973 based upon "damages sustained" as a result of Landmark's alleged breach of its duty of good faith. *See id.*  Nothing on the face of Rebecca Truck's petition makes the amount of bad-faith damages that Rebecca Truck may recover apparent.  And Landmark has failed to suggest any facts in controversy that allow this Court to quantify the damages Rebecca Truck seeks to recover for Landmark's breach of its duty of good faith and fair dealing.  The Court therefore cannot find that Rebecca Truck may recover more than the $5,000 statutory minimum amount of penalties. *See* La. Stat. Ann. § 22:1973(C). Accordingly, Landmark has failed to carry its burden to show that section 22:1973 penalties satisfy the jurisdictional amount.

---

[20]     R. Doc. 1 ¶¶ 29-32.

As to Rebecca Truck's claim under section 22:1892, this statute provides that the "failure to make [ ] payment within thirty days after receipt of [ ] satisfactory written proofs" of loss, "when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty." La. Rev. Stat. § 22:1892(B)(1). The penalty is one-half the amount found to be due from the insurer to the insured. *Id.* Landmark has failed to show that it is facially apparent that section 22:1892 penalties exceed $75,000. The maximum amount stated in the petition as due for repairs but unpaid in thirty days is $64,433.75, which would result in no more than $32,216.88 in penalties. Further, Landmark has set forth no summary-judgment-type evidence supporting a finding that the penalties under section 22:1892 satisfy the jurisdictional amount.

Rebecca Truck may also be entitled to recover "reasonable attorney fees and costs" under section 22:1892(B)(1), even if it receives penalties under section 22:1973. *Calogero*, 753 So. 2d at 174 ("[B]ecause [section 22:1973] does not provide for attorney fees, [plaintiff] is entitled to recover attorney fees under [section 22:1892] for [defendant's] arbitrary and capricious failure to pay his claim within 30 days of receiving satisfactory proof of loss."). These fees must be considered as part of the amount in controversy. *See Manguno*, 276 F.3d at 723-24 (holding that attorneys' fees

under section 22:1892 are included in the jurisdictional amount); *St. Paul Reinsurance Corp., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998) (recognizing that statutorily authorized attorney fees may be considered in determining the jurisdictional amount in controversy). Landmark has made no showing of an amount of reasonable attorneys' fees that is facially apparent from the petition, nor has it submitted summary-judgment-type evidence as to any reasonable amount of fees that Rebecca Truck could recover. Accordingly, Landmark has failed to satisfy its burden to show by a preponderance of the evidence that Rebecca Truck's claim for penalties and attorneys' fees, the only amounts at issue, exceed $75,000.

### B.  Post-Removal Stipulation

Rebecca Truck submits a post-removal stipulation along with its remand motion, in which it attests that it seeks less than $75,000 in damages, penalties, and fees and renounces its right to accept a judgment in excess of that amount.[21]  Courts may consider such stipulations when determining the amount in controversy only "if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also De Aguilar*, 47 F.3d at 1406 ("Post-

---

[21]     R. Doc. 9-3.

removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved."). But "if it is facially apparent from the [state court petition] that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883 (citations omitted).

Here, the amount in controversy is ambiguous: it is not facially apparent from the petition, and Landmark failed to set forth summary-judgment-type evidence of disputed facts that support a finding that more than $75,000 is in controversy. The Court therefore credits Rebecca Truck's post-removal stipulation of damages and, accordingly, concludes that it does not have subject matter jurisdiction over the action. *See McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy when defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, L.L.C. v. Star Real Est. Grp., LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought."); *Guillory v. Chevron Stations, Inc.*, No. 03-2385, 2004 WL 1661201, at *2

13

(E.D. La. July 22, 2004) ("Given that the amount in controversy is not facially apparent from the complaint and [defendant's] inability to show by a preponderance of the evidence that more than $75,000 is in controversy, the Court credits [plaintiff's] affidavit."); *Easley v. Pace Concerts*, No. 98-2220, 1999 WL 649632, at *5 (E.D. La. Aug. 25, 1999) (crediting plaintiff's stipulation that damages did not meet the jurisdictional minimum for diversity).

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for remand.  Accordingly, the Court ORDERS that the case be REMANDED to the Thirty-Second Judicial District Court for the Parish of Terrebonne.


New Orleans, Louisiana, this   17th   day of October, 2023.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE